CLAY, Circuit Judge,
dissenting.
Because the prosecutor committed blatant prosecutorial misconduct by repeatedly commenting on the credibility of witnesses throughout his rebuttal closing argument, and because Petitioner’s own *637 counsel was ineffective by failing to object to the prosecutor’s improper tactics, I would affirm the district court’s grant of the writ of habeas corpus. Therefore, I respectfully dissent.
The majority’s analysis goes awry when it attempts to limit the scope of the prosecutor’s improper conduct by claiming that some of the statements the district court found to represent prosecutorial misconduct were not actually improper. The majority never actually analyzes prosecutorial statements in previous cases dealing with improper vouching, instead concluding that some of the prosecutor’s comments “argued that the evidence and common sense should lead the jury to conclude that these witnesses were credible, and the petitioner was not.” (Majority Op. at 13). This faulty approach allows the majority to exclude two highly improper statements. First, the prosecutor stated in reference to Bryant Williams: “He didn’t come in here and tell you something other than the truth. He came in here and told you what he saw happen back in December.” In reference to Sherika Williams, the prosecutor said: “She’s not making any of this stuff up. This happened to her.”[1]
This Court has held that it is “patently improper for a prosecutor either to comment on the credibility of a witness or to express a personal belief that a particular witness is lying.” Hodge v. Hurley, 426 F.3d 368, 378 (6th Cir.2005) (emphasis added). The two statements set forth above are clearly comments on the credibility of witnesses and thus improper. No case cited by the majority finds that specifically stating the prosecutor’s belief in the veracity of a witness’ testimony is not improper.
The majority does find one statement improper, when the prosecutor stated: “I’m telling you I believe that when those kids, those children got up there and testified they told you based on the evidence they told you the truth.” This statement is apparently improper because when the prosecutor specifically stated that it was his belief that the witnesses were credible, it “injected the prosecutor’s personal belief that the victim and her brother were credible.” (Majority Op. at 14). The distinction created by the majority has been specifically rejected by this Court. Johnson v. Bell, 525 F.3d 466, 484 n. 16 (6th Cir.2008) (“We note that it is not necessary for the prosecutor actually to use the words T believe,’ or some similar phrase, for a statement to constitute an improper comment on the credibility of witnesses.”). In Hodge, the Court found a prosecutor’s statements that the defendant “is lying to extricate himself from what he’s done” and that a government witness “is absolutely believable, her family is absolutely believable” improper. 426 F.3d at 377-79. These statements are analogous to the prosecutor’s statements in this case that Bryant “didn’t come in here and tell you something other than the truth” and that Sherika is “not making any of this stuff up.”
Furthermore, in this case in which sexual misconduct with a minor was alleged, binding precedent instructs us to be particularly observant in insuring that constitutional strictures are followed. “Cases involving sexual abuse exert an almost irresistible pressure on the emotions of the bench and bar alike. Because such cases typically turn on the relative credibility of the defendant and the prosecuting witness, however, a strict adherence to the rules of evidence and appropriate prosecutorial conduct is required to ensure a fair trial.” *638 Martin v. Parker, 11 F.3d 613, 616-17 (6th Cir.1993).
Since all three statements were improper, we must apply the four-factor test set forth in United States v. Carroll, 26 F.3d 1380, 1385 (6th Cir.1994), to determine “whether the impropriety was flagrant” and thus violated the defendant’s due process rights. United States v. Carter, 236 F.3d 777, 783 (6th Cir.2001). The four factors to determine whether prosecutorial misconduct is flagrant are: “(1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) whether the evidence against the defendant was strong.” Id. The majority admits that the first factor weighs in Petitioner’s favor but finds that the other three support Respondent.
The majority’s failure to appreciate that multiple remarks were improper skews its analysis of the second factor. The prosecutor in his rebuttal closing argument repeatedly vouched for his witnesses. The majority relies on the fact that the comments were limited to rebuttal closing argument but ignores the fact that the prosecutor’s statements in rebuttal were the “last words from an attorney that were heard by the jury before deliberations,” Carter, 236 F.3d at 788 (finding prosecuto-rial misconduct when almost all the improper actions by prosecutor were in rebuttal closing argument). This factor may not weigh strongly in either party’s favor, but the prosecutor did make multiple improper statements at the most crucial time of the trial.
Contrary to the majority’s position, the third and fourth prongs of the flagrancy test are easily satisfied by Petitioner. The prosecution’s rebuttal closing argument was rife with examples by which the prosecutor expressed his personal opinion about the credibility of witnesses, strongly indicating that the remarks were deliberate. In addition, evidence other than the testimony of the children for whom the prosecutor improperly vouched was almost nonexistent. Cf. Washington v. Hofbauer, 228 F.3d 689, 707 (6th Cir.2000) (finding in a trial that was a credibility contest “nothing was more important to the case than the indicia that one story was more believable than the other”). This case was almost exclusively a credibility battle between the children and Petitioner. The evidence against Petitioner was the testimony of two children who he asserted had a motive to make up their story. The children’s testimony, if believed, is certainly sufficient to sustain a conviction. Absent that testimony, however, the prosecution presented no persuasive physical evidence that could lead to Wilson’s conviction. In its brief, Respondent contends that the physical evidence “was consistent with a sexual assault,” but that is a far cry from there being persuasive evidence of a sexual assault committed by Wilson. The testimony of two children with a possible motive to lie is not strong evidence, and the fourth prong weighs in Petitioner’s favor.[2]
Therefore, the prosecutor’s statements were both improper and flagrant, and the district court’s grant of the writ should be affirmed on that basis alone.
As if one constitutional violation was insufficient to ignore, the majority also improperly reverses the district court’s analysis of Petitioner’s claim of ineffective *639 assistance of counsel. The majority’s flawed analysis of the prosecutorial vouching issue contaminates its analysis of the ineffective assistance of counsel inquiry. In order to establish ineffective assistance of counsel, a defendant must demonstrate that “counsel’s representation fell below an objective standard of reasonableness,” and that “the deficient performance prejudiced [his] defense.” Strickland v. Washington, 466 U.S. at 668, 687-88, 104 S.Ct. 2052 (1984). By limiting the inappropriate remarks to one comment, the majority excuses Petitioner’s counsel’s failure to object. However, the record abundantly demonstrates that the prosecution’s rebuttal closing argument contained repeated, inappropriate comments on witness credibility that should have demanded multiple objections from Petitioner’s counsel. In a case in which credibility was so important, Petitioner’s counsel had no legitimate strategic reason to fail to object.[3] Petitioner’s counsel’s failure to object therefore undoubtedly fell below the objective standard of reasonableness.
The question of prejudice under Strickland is also easily answered in Petitioner’s favor. The district court properly relied on Hodge v. Hurley, 426 F.3d 368 (6th Cir.2005). In Hodge, this Court found the prejudice prong satisfied where the prosecutor made “numerous statements on witness credibility” and where “the jury’s determination as to [Defendant’s] guilt or innocence hinged almost entirely on the credibility of [Defendant] and [the victim’s mother.]” Id. at 378-79. Hodge, like this case, was a prosecution for child rape that was basically a credibility battle. The prosecutor made repeated, improper statements in his closing argument. “Unfortunately, when a prosecutor does act unfairly, there is little a defendant can do other than rely on his or her attorney to lodge an appropriate and timely objection. A failure to make such an objection can have devastating consequences for an individual defendant.” Id. at 377. The improper statements by the prosecution there, as here, raise a “reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
The rationale of Hodge should apply with equal force to the case at hand. This case was almost entirely a credibility battle, and the jury was going to find against Petitioner if they believed the children and for Petitioner if they believed him. The prosecution’s intentional decision to improperly vouch for the credibility of the child witnesses undoubtedly prejudiced Petitioner. The fact that standard boiler-plate instructions that attorneys’ comments are not evidence were given by the court to the jury is insufficient. The prosecutorial misconduct was sufficiently blatant that a special curative instruction would have been appropriate.[4] See Carter, 236 F.3d at 787 (finding that “measures more substantial than a general instruction that ‘objections or arguments made by the lawyers *640 are not evidence in the case’ were needed to cure the prejudicial effect of the prosecutor’s comments during closing argument”); Washington v. Hofbauer, 228 F.3d at 707 (finding unreasonable application of Strickland where state court did not find ineffective counsel’s failure to object to prosecution’s improper statements). Defense counsel’s failure to object either during the prosecutor’s rebuttal argument or in a separate sidebar was inexcusable. No curative instruction was given to indicate that the prosecutor’s argument was improper, leaving the statements on the record before the jury and very likely prejudicing its members.
Wilson, therefore, was subject to two separate violations of his constitutional rights. One consisted of the prosecutor’s repeated improper vouching in rebuttal closing argument in violation of Petitioner’s due process rights. In addition, Petitioner’s counsel’s failure to object to the prosecution’s improper comments violated Petitioner’s right to counsel. For these reasons, I respectfully dissent.

. The majority is correct that the vouching for Dr. Thewes should not be considered because Petitioner failed to pursue that argument in state court.

. In weighing the strength of the evidence, the majority remarkably puts the burden on Petitioner to prove that he is innocent. The inquiry concerns the strength of the evidence against Petitioner, and the only evidence was the testimony for which the prosecution improperly vouched.

. Respondent makes no coherent argument on the first prong of Strickland, arguing merely that an objection by Petitioner’s counsel would highlight the credibility contest, which was damaging to Petitioner because he had previous convictions of embezzlement and filing a false police report. The fact that the case was a credibility contest was self-evident, and assuredly allowing the prosecutor to improperly vouch for his witnesses did not further Petitioner’s case in any fashion. Respondent cites no case in which a failure to object to such blatant vouching was deemed proper trial strategy.

. While objections during the middle of closing argument "are matters to be approached cautiously. At the very least, a bench conference might have been convened out of the hearing of the jury ..., and an appropriate instruction given.” United States v. Young, 470 U.S. 1, 13-14, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985).